Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000354
14-SEP-2017
02:17 PM

NO. CAAP-17-0000354

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LANRIC HYLAND, Appellant-Appellant,
v.
DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAI'I,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-101K)

ORDER GRANTING MOTION TO DISMISS APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) the motion of Defendant-Appellee Department of Human Services, State of Hawaii, (DHS) to dismiss this appeal for lack of appellate jurisdiction, (2) the opposition filed by Plaintiff-Appellant Lanric Hyland (Hyland), and (3) the record, it appears that we lack jurisdiction over Hyland's appeal.

Hyland appeals from the following orders entered by the Circuit Court of the Third Circuit (Circuit Court):

(1)  a March 24, 2017 order denying his motion to proceed in forma pauperis;

(2)     an April 3, 2017 order denying his motion to stay enforcement of the DHS's administrative order (DHS Final Decision) that is the subject of his appeal to the Circuit Court and to reinstate his MedQuest benefits pending the Circuit Court's decision on his appeal; and

(3)     an April 3, 2017 order denying his motion (1) for reconsideration of the Circuit Court's denial of his motion to proceed in forma pauperis; and (2) to stay enforcement of the DHS's Final Decision and to reinstate his MedQuest benefits pending the Circuit Court's decision on his appeal.

The three orders that Hyland appeals involve two issues: (1) the denial of Hyland's request for a stay of the DHS's Final Decision and for reinstatement of his MedQuest benefits pending the Circuit Court's decision on his appeal; and (2) the denial of his motion to proceed in forma pauperis. In its motion to dismiss this appeal, the DHS argues that this court lacks jurisdiction over the first issue and takes no position on whether we have jurisdiction over the second issue.

HRS § 641-1 authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

The Circuit Court has not ruled on the merits, or entered a final judgment, on Hyland's appeal from the DHS Final Decision. Thus, unless an exception to the final/separate judgment requirement is applicable, none of the orders Hyland seeks to appeal from constitute an appealable final judgment.

The only exception that may arguably apply is the collateral order doctrine. Under the collateral order doctrine, an interlocutory order that satisfies all three of the following requirements is appealable: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (citations and internal quotation marks omitted; brackets in original).

We conclude that the Circuit Court's orders are not appealable collateral orders to the extent they deny Hyland's request to stay enforcement of the DHS Final Decision and to reinstate his MedQuest benefits pending the Circuit Court's decision on his appeal. These aspects of the Circuit Court's orders do not conclusively determine the disputed question, because the Circuit Court can reconsider its decision to deny Hyland's request for a stay and reinstatement of benefits based on further developments, and they do not resolve an issue completely separate from the merits of Hyland's appeal of the DHS Final Decision to the Circuit Court. See Gulfstream Aerospace Corporation v. Mayacamas Corporation, 485 U.S. 271, 277-78 (1988); Federal Land Bank of Spokane v. L.R. Ranch Co., 926 F.2d 859, 862 (9th Cir. 1991); HRS § 91-14(c)(1) (2012) (identifying "likelihood that the subject person will prevail on the merits" as a factor for the reviewing court to consider in deciding whether to stay enforcement of an agency decision).

We also conclude, under the circumstances of this case, that the Circuit Court's order denying Hyland's motion to proceed in forma pauperis is not an appealable collateral order. We note that generally, an order denying a motion to proceed in forma pauperis has been held to be an appealable order under the collateral order doctrine. Roberts v. United States District Court for the Northern District of California, 339 U.S. 844, 845 (1950); Furnace v. Board of Trustees of Southern Illinois

3

University, 218 F.3d 666, 669 n.2 (7th Cir. 2000). An exception, however, has been recognized when the plaintiff whose in forma pauperis request was denied subsequently paid the filing fee and the case thereafter proceeded on the merits. See Burnett v. Miller, 507 Fed. Appx. 796, 798 (10th Cir. 2013) (holding that the denial of an in forma pauperis motion was not appealable as a collateral order where the plaintiff subsequently paid the filing fee and the action continued to proceed before the trial court).

The record in this case indicates that Hyland paid the filing fee after his in forma pauperis motion was denied and that the denial of his motion did not prevent his appeal of the DHS Final Decision from proceeding on the merits in the Circuit Court. It also appears that the Circuit Court's order denying Hyland's in forma pauperis motion will not "be effectively unreviewable on appeal from a final judgment." If Hyland's appeal to the Circuit Court is unsuccessful, he can obtain review of the Circuit Court's denial of his in forma pauperis motion pursuant to an appeal of the Circuit Court's judgment affirming the DHS Final Decision. If Hyland's appeal to the Circuit Court is successful, it appears that he could move for reimbursement of his filing fee pursuant to HRS § 607-24, and if this motion were denied, he could obtain review of the denial of his in forma pauperis motion through an appeal of the denial of his HRS § 607-24 motion. Therefore, under the particular circumstances of this case, we conclude that the Circuit Court's order denying Hyland's motion to proceed in forma pauperis is not an appealable collateral order.

Based on the foregoing, we conclude that none of the orders that Hyland seeks to appeal from are appealable final orders. We therefore lack jurisdiction over Hyland's appeal.

IT IS HEREBY ORDERED that the DHS's motion to dismiss is granted and that Hyland's appeal is dismissed for lack of appellate jurisdiction.

4

IT IS FURTHER ORDERED that all pending motions in this appeal are dismissed as moot.

DATED: Honolulu, Hawai'i, September 14, 2017.

Chief Judge

Associate Judge

Associate Judge